IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BEVERLY M.[1],

    Plaintiff,

v.

COMMISSIONER, Social Security Administration,

    Defendant.

Civ. No. 3:19-cv-00280-MC

OPINION AND ORDER

**MCSHANE, Judge:**

Plaintiff Beverly M. brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Social Security Disability Insurance ("SSDI") benefits under Title II of the Social Security Act. The Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

Plaintiff alleges that the Administrative Law Judge ("ALJ") erred by: (1) failing to provide clear and convincing reasons for discounting her subjective symptom testimony; and (2) failing to include all of her limitations in her residual functional capacity ("RFC"). Pl.'s Op. Br. 5-10, ECF No. 11. Because the Commissioner's decision is supported by substantial evidence, the decision is AFFIRMED.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party.

1 - OPINION AND ORDER

## STANDARD OF REVIEW

A reviewing court will affirm the Commissioner's decision if it is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the Court reviews the entire administrative record, weighing both the evidence that supports and detracts from the ALJ's decision. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520 & 416.920 (2012). The initial burden of proof rests upon the claimant to meet the first four steps. If the claimant satisfies her burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. §§ 404.1520 & 416.920. At step five, the Commissioner must show that the claimant is capable of making an adjustment to other work after considering the claimant's RFC, age, education, and work experience. *Id*. If the Commissioner fails to meet this burden, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v) & 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

At step two, the ALJ found that Plaintiff had the following severe impairments: systemic lupus erythematosus ("SLE") and nephrotic syndrome. Tr. 15.[2] The ALJ found that Plaintiff's RFC through October 15, 2017, allowed her to perform sedentary work, but with following limitations:

> [She can] lift and carry up to ten pounds frequently and occasionally; stand and walk two hours total of eight; sit six hours of eight; and perform all postural activities occasionally (climbing, crawling, crouching, stooping, kneeling, and balancing).

Tr. 17. Beginning October 15, 2017, the ALJ found Plaintiff's RFC allowed her to perform light work, but with the following limitations:

> [She can] lift and carry up to twenty pounds occasionally and ten pounds frequently; stand and walk six hours total of eight; sit six hours of eight; and perform all postural activities occasionally (climbing, crawling, crouching, stooping, kneeling, and balancing).

Tr. 23. Based on the vocational expert's ("VE") testimony, the ALJ concluded that Plaintiff was capable of performing her past relevant work as an information clerk, case manager, and teacher's aide. Tr. 24. In the alternative, the ALJ made an additional step five finding that jobs existed in the national economy such that Plaintiff could sustain employment despite her impairments. Tr. 25. The ALJ thus determined Plaintiff was not disabled. Tr. 26.

## II.  Plaintiff's Testimony

Plaintiff assigns error to the ALJ's evaluation of her subjective symptom testimony. Pl.'s Op. Br. 5-8. An ALJ can only reject testimony about the severity of a claimant's symptoms by offering "clear and convincing reasons" supported by "substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). But the ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a

---

[2] "Tr." refers to the Transcript of the Social Security Administrative Record provided by the Commissioner.

result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). The ALJ may "consider a range of factors," which include:

> (1) whether the claimant engages in daily activities inconsistent with the alleged symptoms; (2) whether the claimant takes medication or undergoes other treatment for the symptoms; (3) whether the claimant fails to follow, without adequate explanation, a prescribed course of treatment; and (4) whether the alleged symptoms are consistent with the medical evidence.

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). The Court will uphold an ALJ's credibility finding even if all the ALJ's rationales for rejecting clamant testimony are not upheld. *Batson v. Commissioner*, 359 F.3d 1190, 1197 (9th Cir. 2004).

Plaintiff testified that she stopped working as a receptionist for the Oregon Department of Human Services in 2013 after being diagnosed with lupus. Tr. 49. Despite her lupus being in remission, she testified that she "fel[t] sick." Tr. 49. Plaintiff alleged that she experienced dizziness, increased fatigue and nausea, as well as pain in her hips, legs, and abdomen. *See* Tr. 50-59. Plaintiff testified that she could walk up to two blocks and that she was not capable of sitting for longer than 30 minutes. Tr. 51. The ALJ found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record[.]" Tr. 21.

The ALJ supported his credibility determination with a detailed discussion of specific medical evidence showing that Plaintiff responded positively to treatment. Tr. 18-21. The effectiveness of treatment is a factor an ALJ may consider in evaluating subjective complaints. 20 C.F.R. §§ 404.1529(c)(3) & 416.929(c)(3). Further, the Ninth Circuit has instructed that a favorable response to treatment can suffice as a clear and convincing reason to reject a claimant's testimony. *See Tommasetti v. Astrue*, 353 F.3d 1035, 1039 (9th Cir. 2008).

Significantly, the ALJ noted that Plaintiff's lupus was in "solid partial remission" by February 2014, and "complete remission" throughout 2015, 2016, and 2017. Tr. 19 (citing Tr. 1291-94, 1316, 1335-39). The ALJ also cited numerous treatment notes that showed Plaintiff's symptoms were effectively controlled with treatment. *See, e.g.*, Tr. 20 (citing Tr. 1330 (reporting Plaintiff "has overall been doing well. Feels like her SLE symptoms are under control now.")); *id.* (citing Tr. 1236 (reporting Plaintiff was "feeling much better" and decreased fatigue)); *id.* (citing Tr. 1436 (denying joint pain)); *id.* (citing Tr. 1439 ("She is doing well clinically and her recent labwork was reassuring as well.")); *id.* (citing Tr. 1462 ("She seems to be doing well from a lupus standpoint.")); *id.* (citing Tr. 1505 (noting Plaintiff had "a rash but has improved overall")). Finally, the ALJ quoted directly from a May 2016 treatment note which indicated that Plaintiff was "doing much better" and that "[o]verall she [was] happy with where she [was] now." *Id.* (citing Tr. 1341).

Although Plaintiff advances an alternative interpretation of the medical record, the ALJ's interpretation is a rational reading of the record and is supported by substantial evidence. *See Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record . . . .") (internal citations omitted).

As such, the ALJ supplied a clear and convincing reason to discount Plaintiff's testimony. *See Gladys Z. v. Comm'r of Soc. Sec.*, 2019 WL 7819807, at *9 (E.D. Wash. Sept. 27, 2019) (affirming ALJ's subjective symptom analysis based in part on a doctor's conclusion that the claimant's "lupus was stable" and the claimant's report "that she was doing well and had no complaints").

The ALJ's evaluation of Plaintiff's subjective symptom testimony is affirmed.

**II. RFC Formulation**

Plaintiff argues her RFC was deficient because it did not account for her migraine headaches. The RFC is the most a person can do, despite her physical or mental impairments. 20 C.F.R. §§ 404.1545 & 416.945. In formulating an RFC, the ALJ must consider all medically determinable impairments, including those that are not "severe," and evaluate "all of the relevant medical and other evidence," including the claimant's testimony. *Id.*; SSR 96-8p, 1996 WL 374184. In determining a claimant's RFC, the ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations in the RFC. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Only limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the VE. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

The ALJ's RFC formulation is supported by substantial evidence. Notably, Plaintiff does not specifically assign error the ALJ's step two finding. Nor does she challenge the weight assigned to any of the medical opinion evidence. Instead, Plaintiff again advances an alternative interpretation of the medical evidence, but as the Ninth Circuit has consistently instructed: "When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." *Batson,* 359 F.3d at 1198.

Here, the ALJ specifically found Plaintiff's migraines non-severe at step two. Tr. 15-17. In other words, the ALJ found that Plaintiff's migraines did "not significantly limit [her] physical or mental ability to do basic work activities" *See* 20 C.F.R. §§ 404.1521(a) & 416.921(a). In support of that finding, the ALJ thoroughly discussed numerous medical records relating to Plaintiff's reports of migraines. *See, e.g.*, Tr. 16 (citing Tr. 1133 (reporting Plaintiff's "headaches

have been well controlled" on medication)); *id.* (citing Tr. 1139 (reporting Plaintiff's "headaches have been almost completely abolished")); *id.* (citing Tr. 870 (normal mental status examination)). The ALJ also discussed the opinion of medical expert Steven Goldstein, M.D., who concluded that "despite frequent migraine headaches, examinations in the file did not show concentration deficits or severe distress." Tr. 16-17. Specifically, the medical expert testified that in his opinion: Plaintiff was being treated appropriately for migraines with medication; based on treatment notes, Plaintiff consistently presented without distress; and that Plaintiff's migraines did not affect her ability to concentrate. Tr. 35-44.

The ALJ's conclusion that Plaintiff's migraines "have not caused functional limitations" is a rational interpretation of the record, which the I decline to disturb. *Batson,* 359 F.3d at 1198. Accordingly, because Plaintiff's migraines did not cause any concrete functional limitations, the ALJ was not required to include such limitations in Plaintiff's RFC.

The ALJ's RFC formulation is affirmed.

## CONCLUSION

For the reasons stated above, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 13th day of April, 2020.

                                                 _s/Michael J. McShane_____
                                                           Michael McShane
                                                    United States District Judge